USDC-SDNY
DOCUMENT
ELECTRONICALLY
FILED
DOC#:
DATE FILED: 06/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD J. CAPAK,

                        Plaintiff,

                v.

STREET EXECS MANAGEMENT,

                        Defendant.

No. 20-CV-11079 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    This is the second lawsuit filed by Plaintiff Richard J. Capak arising out of an altercation between Capak—a celebrity photographer and videographer—and Rory Dorall Smith, a bodyguard who was working for the hip-hop artist Tauheed Epps a/k/a 2 Chainz ("Epps"). The suits concern an altercation that took place on October 27, 2017, when Capak attempted to videotape Epps as Epps was entering the NBC studios for an appearance on the Tonight Show Starring Jimmy Fallon, and when Smith allegedly physically assaulted Capak. In the first lawsuit, filed in December 2017, Capak sued Epps and Smith, raising claims for assault and battery, negligence, and negligent hiring and retention. *See Capak v. Epps*, No. 18-CV-4325 (S.D.N.Y.) ("Capak I"). The Court dismissed Epps from the first lawsuit and entered judgment in his favor, and the suit continues to proceed against Smith. *See Capak I*, Dkt. 95.

    In the instant action, Capak has now sued Street Execs Management ("Street Execs"), a management and marketing firm that serves as a business manager for Epps, and which Capak unsuccessfully sought to add as a Defendant in the first action. *See Capak I*, Dkts. 92, 94. The complaint raises the same claims as in the first action. *See* Dkt. 1 ("Compl."). Before the Court is

Defendant's motion to dismiss the complaint. Dkt. 4. For the following reasons, the motion is granted.

## BACKGROUND

The underlying facts of the altercation are drawn from Plaintiff's complaint, and are accepted as true for purposes of resolving the motion. *See Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 321 (2d Cir. 2010). On October 27, 2017, Epps was scheduled to appear for an appearance on The Tonight Show Starring Jimmy Fallon at the NBC headquarters in Rockefeller Center. Compl. ¶ 15. As Epps was entering the building with his security team, including Smith, Capak began recording a video of Epps. *Id*. ¶ 16. Smith approached Capak and attacked him, causing him serious physical injuries and mental anguish. *Id*. ¶¶ 17, 21. A fuller discussion of the events giving rise to this litigation is contained in the Court's June 2020 opinion granting Epps' motion for summary judgment. *See Capak v. Epps*, No. 18-CV-4325 (RA), 2020 WL 3073210 (S.D.N.Y. June 10, 2020) ("*Capak I* SJ Op.").

On December 4, 2017, Capak filed the first lawsuit against Epps and Smith in state court, raising claims for assault and battery and negligence against both defendants and negligent hiring and retention against Epps. *See Capak I*, Dkt. 1, Ex. A. Defendants removed the action to federal court. Following discovery, Epps moved for summary judgment, arguing principally that he was not Smith's employer on the date of the alleged incident and thus could be held liable for Smith's actions under a *respondeat superior* theory. *See Capak I* SJ Op., 2020 WL 3073210, at *1. In moving for summary judgment, Epps asserted that he had occasionally retained Smith through Street Execs on an as-needed basis as an "independent contractor" to provide security services, but that Smith was never an employee of either Epps or Street Execs, such that Epps was not vicariously liable for torts committed by Smith. *See Phillips v. Uber Techs*., Inc., No. 16-CV-295

(DAB), 2017 WL 2782036, at *4 (S.D.N.Y. June 14, 2017) ("Generally, an employer who hires an independent contractor, as distinguished from an employee, is not liable for that individual's negligent or tortious acts."). The Court agreed that "[t]he evidence . . . establishe[d] that Smith was not an 'employee' of Epps" or "of Street Execs, . . . either." *Capak I* SJ Op., 2020 WL 3073210, at *6–*8. The Court also concluded that "[e]ven if Smith could be considered Epps' employee, the evidence demonstrates that Smith's alleged assault on Plaintiff was not 'within the scope of employment.'" *Id*. at *9. Accordingly, the Court held that Epps could not be vicariously liable for any assault and battery or negligence on Smith's part. The Court also dismissed Plaintiff's claims for negligent hiring and retention and punitive damages on the basis that Plaintiff abandoned those claims by failing to respond to Epps' arguments for summary judgment.

While the motion for summary judgment was pending, Capak sought leave to amend his complaint to add Street Execs as a defendant in the first-filed action. Magistrate Judge Katharine Parker issued a report and recommendation recommending that the motion be denied. Judge Parker found that Plaintiff could have learned of the existence of Street Execs sooner, and that he should not have waited until the end of discovery to seek to add the party. She recommended that the motion be denied for the additional reason that Capak failed to provide the Court with a proposed amended pleading setting forth the claims he planned to assert against Street Execs. Finally, Judge Parker found that any amendment to add Street Execs would be futile, because (1) the one-year limitation period on the assault and battery claims had already expired; (2) Capak had not alleged any facts showing that Street Execs knew or had reason to know of Smith's violent propensities when hiring him. *See Capak I*, Dkt. 92. Neither party objected to Judge Parker's report, and the Court adopted it in full. *See Capak I*, Dkt. 94.

3

The first lawsuit continues to proceed against Smith following the dismissal of Epps. In February 2021, Judge Parker granted the motion of Defendant's counsel, Douglas Doneson, to withdraw as Smith's attorney due to Smith's inability to pay outstanding and future legal fees and expenses. *See Capak I*, Dkts. 110, 113. Smith continues to proceed without an attorney. Judge Parker has ordered that discovery is now closed and that any motions for summary judgment shall be due on July 17, 2021. *See Capak I*, Dkts. 115, 116.

Plaintiff filed the second suit against Street Execs on October 26, 2020, and Street Execs removed the action to this court on December 30, 2020. *See* Dkt. 1. On January 4, 2021, Street Execs moved to dismiss the second suit. *See* Dkt. 4. Street Execs argues that (1) Plaintiff's claims were fully litigated and decided in *Capak I*, such that he cannot now assert them here; (2) even if Plaintiff's assault and battery claims are not precluded, they are barred by the one-year statute of limitations; (3) even if Plaintiff's negligent hiring and retention claim is not precluded, the complaint fails to provide any factual basis for the claim; and (4) Plaintiff's punitive damages claim must be dismissed because there is no separate cause of action for punitive damages. *See* Dkt. 6 ("Def. Mem."). Plaintiff's opposition memorandum focuses exclusively on the negligent hiring and retention claim, arguing that he has sufficiently alleged such a claim against Street Execs and that it is not precluded by *Capak I*. *See* Dkt. 13 ("Pl. Mem.").

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not required, "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The

Court accepts the complaint's factual allegations as true, but "giv[es] no effect to legal conclusions couched as factual allegations." *Starr*, 592 F.3d at 321 (citation omitted).

"Even though a plaintiff's factual allegations must be accepted as true and all reasonable inferences drawn in the plaintiff's favor on a motion to dismiss, collateral estoppel will nonetheless bar a plaintiff's claim when the plaintiff's factual allegations have been decided otherwise in previous litigation." *Ferring B.V. v. Serenity Pharms., LLC*, 391 F. Supp. 3d 265, 282 (S.D.N.Y. 2019) (internal quotation marks and citation omitted). *See also Evercrete Corp. v. H-Cap Ltd.*, 429 F. Supp. 2d 612, 620 (S.D.N.Y. 2006) ("A party may raise a defense of res judicata, collateral estoppel, or judicial estoppel on a motion to dismiss pursuant to Rule 12(b)(6) where the basis for that defense is set forth on the face of the complaint or established by public record."). Public records that a court may consider in deciding a motion to dismiss include court documents and decisions. *See Quire v. City of New York*, No. 19-CV-10504 (RA), 2021 WL 293819, at *3 (S.D.N.Y. Jan. 28, 2021).

## DISCUSSION

For the following reasons, Defendant's motion to dismiss is granted.

### I. Plaintiff's Claims For Assault and Battery and Negligence

The Court first concludes that Plaintiff's claims seeking to hold Street Execs vicariously liable for assault and battery and negligence are precluded under the doctrine of collateral estoppel, due to the Court's conclusive finding, in *Capak I*, that Smith was not an employee of Street Execs acting in the scope of his employment at the time of the October 2017 altercation.

Collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was

necessary to support a valid and final judgment on the merits." *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 91 (2d Cir. 1997) (internal quotation marks omitted). "Under non-mutual collateral estoppel, if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit." *Austin v. Downs, Rachlin & Martin*, 114 F. App'x 21, 22 (2d Cir. 2004).

New York law provides that an employer may be held vicariously liable for the intentional torts and negligence of an employee acting within the scope of his or her employment. *See Rivera v. State*, 34 N.Y.3d 383, 389 (2019). But a defendant is not vicariously liable for the negligent or tortious acts of an individual it hires as an independent contractor, or when the individual's actions fall outside the scope of the employment relationship. *See Capak I SJ Op.*, 2020 WL 3073210, at \*5. Accordingly, Capak's ability to hold Street Execs vicariously liable for Smith's assault and battery, as well as his negligence, depends on whether Smith was in fact an "employee" of Street Execs acting within the scope of his employment.

This issue has already been conclusively determined. As the Court held in its decision granting summary judgment to Epps, Smith was not, at the time of the altercation, an "employee" of either Epps *or* Street Execs. *See id*. at \*6 ("The evidence before the Court establishes that Smith was not an 'employee' of Epps."); *id*. at \*8 ("[T]he Court concludes that Smith was not an 'employee' of Street Execs, Epps' business management agency, either."). The Court also held in the alternative that even if Smith could be said to be an "employee," his actions on October 27, 2017 were not within the scope of his employment. *Id*. at \*10 ("Plaintiff has not set forth evidence to demonstrate that using violence or physical contact was within the scope of Smith's employment. In fact, as Smith's job was to keep Epps safe, any violent acts on

Smith's part would constitute a clear 'departure from [his] normal security personnel duties.'") (quoting *Kirkman v. Astoria Gen. Hosp.*, 611 N.Y.S.2d 615, 616 (1994)). The Court reached these conclusions on the basis of fulsome summary judgment briefing, in which Capak had the opportunity to, and did, argue that Smith was neither an independent contractor nor an employee acting outside the scope of his employment. *See Capak I*, Dkt. 84 (Capak's summary judgment opposition memorandum). These findings were necessary to support the Court's conclusion that Epps was not vicariously liable for Smith's intentional torts and negligence, and they provided the basis for the final judgment in favor of Epps, from which Plaintiff did not appeal. Because the Court has already determined that Smith was not an employee of Street Execs acting within the scope of his employment, Capak is estopped from seeking to hold Street Execs vicariously liable for Smith's intentional torts and negligence. Accordingly, these claims are dismissed with prejudice.[1]

## II. Plaintiff's Negligent Hiring and Retention Claim

Plaintiff next claims that Street Execs failed to exercise reasonable care in its hiring of Smith. *See* Compl. ¶¶ 29-31. Unlike the vicarious liability claims, which must fail due to the lack of an employer-employee relationship between Smith and Street Execs, Plaintiff could arguably

---

[1] The claims must also be dismissed for two additional reasons. First, Plaintiff did not respond to Defendant's arguments in its motion to dismiss briefing that the vicarious liability claims should be dismissed, and thereby abandoned them. *See Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) (citation omitted) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."). Second, as Judge Parker recognized in recommending that the Court deny Plaintiff's motion to add Street Execs as a defendant in *Capak I*, the claim for assault and battery is time-barred. *See Capak I*, Dkt. 92 (Capak's "proposed amendment [to add Street Execs as a defendant] is futile because there is a one-year statute of limitations for claims of assault and battery under New York Law.") (citing N.Y. C.P.L.R. § 215(3)); *Canosa v. Ziff*, No. 18 Civ. 4115 (PAE), 2019 WL 498865, *13 (S.D.N.Y. Jan. 28, 2019) (dismissing claims of assault and battery brought on vicarious liability theory as barred by one-year statute of limitations).

still assert a claim against Street Execs for negligently hiring an independent contractor. *See Kleeman v. Rheingold*, 81 N.Y.2d 270, 274 (N.Y. 1993) (defendant may be held liable for negligence in selecting, instructing, or supervising a contractor); *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc v. Dish Network, L.L.C*, No. 15 CIV. 1094 (KPF), 2016 WL 1060328, at *4 (S.D.N.Y. Mar. 15, 2016) ("[W]here a party cannot be held vicariously liable for an independent contractor's conduct due to the lack of an employer-employee relationship, the party may [nonetheless] in some circumstances be held directly liable for negligently hiring, retaining, or supervising its contractor.").

The claim nonetheless fails. Under New York law, a claim for negligent hiring, supervision, or retention requires, in addition to the basic elements of negligence, that "the party knew or should have known of the contractor's propensity for the conduct which caused the injury." *Schiffer* v. *Sunrise Removal, Inc.*, 879 N.Y.S.2d 518, 522 (2d Dep't 2009) (citation omitted)). *See also Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 518 (S.D.N.Y. 2004) ("A cause of action for negligent hiring or retention requires allegations that the employer knew or should have known of the employee's propensity to commit injury, or the employer failed to investigate a prospective employee notwithstanding knowledge of facts that would lead a reasonably prudent person to investigate that prospective employee.").

Plaintiff's complaint is devoid of any facts tending to show that, at the time Smith was hired, he had a propensity for violence that was known to Epps or Street Execs. He alleges only that Street Execs "was negligent, reckless and careless with regard to the hiring of [Smith]," Compl. ¶ 25, and that it "did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agent, servant, employee and/or bodyguard/security guard, including but not limited to [Smith], and was negligent in the hiring and retention of

[Smith], who assaulted and battered the plaintiff," *id*. ¶ 30. These allegations are plainly insufficient. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's failure to allege any facts that would establish that Street Execs knew or should have known of a propensity for violence on Smith's part is fatal to the complaint. *See Soliman v. City of New York*, No. 15-CV-5310 (PKC), 2017 WL 1229730, at *12 (E.D.N.Y. Mar. 31, 2017) (dismissing negligent hiring claim due to lack of specific factual allegations concerning the NYPD's hiring or supervision of officers or any allegations showing that the NYPD knew or should have known of the officers' propensity for the conduct which caused plaintiffs' injury); *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 532–33 (S.D.N.Y. 1998) ("Conclusory allegations of negligent supervision are insufficient to overcome a motion to dismiss.").

The claim is therefore dismissed. Moreover, although Plaintiff has not requested leave to amend in the event that his claims are dismissed, the Court finds that leave to amend would be futile. Plaintiff acknowledges that he is not aware of facts that he could allege that would state a claim for negligent hiring and retention. *See* Pl. Mem. at 6 ("We have no clue as to the vetting process Street Execs Management used when hiring Mr. Smith."); Pl. Mem. at 10 ("We do not know the hiring process of the defendant. We do not know what issues the defendant was aware of with Mr. Smith prior to his employment and we do not know of any dangerous propensities

9

Mr. Smith may have demonstrated during his employment.").[2] Judge Parker made clear, in recommending the denial of Plaintiff's motion to add Street Execs as a defendant in *Capak I*, that such facts would be required to state a claim. *See Capak I*, Dkt. 92 ("[N]o claim of negligent hiring and retention can lie absent facts showing that the employer knew or had reason to know of the employee's violent propensities and hired or retained the employee anyway."). Plaintiff now argues that to require such facts at the pleading stage would be obligating "plaintiff [to] meet a burden of proof to even plead a claim of negligence," which "could not be further from the spirit of Rule 12(b)(6)." Pl. Mem. at 11. Not so. "Factual allegations," the Supreme Court has made clear, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Plaintiff's negligent hiring and retention claim depends on pure speculation as to what Epps and Street Execs knew about Smith at the time he was hired, it is dismissed with prejudice.

### III. Plaintiff's Punitive Damages Claim

Finally, Defendants move to dismiss Plaintiff's punitive damages claim on the ground that New York law does not recognize a separate cause of action for punitive damages. *See Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 616 (N. Y. 1994) ("A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action."). Plaintiff did not respond to this argument in opposing the motion to dismiss, and has therefore abandoned the claim. *See Felix*, 344 F. Supp. 3d at 654.

---

[2] On the record before the Court in *Capak I*, it was "undisputed that Smith had an exemplary record of avoiding physical altercations when providing security services and de-escalating stressful situations, and that during all of the times that Smith served as a bodyguard prior to the Alleged Incident, he had never used physical force on someone while providing security services to anyone, including Epps." *Capak I* SJ Op., 2020 WL 3073210, at *10 (citations omitted). It was "further undisputed that Epps was not aware of any prior violent acts by Smith, or of Smith having any propensity for violence." *Id*.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted, and the complaint is dismissed with prejudice. Plaintiff's request for oral argument is denied. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) ("[A] district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument."). The Clerk of Court is respectfully directed to terminate Dkt. 4, to enter judgment for Defendant, and to close this case. SO ORDERED.

Dated: June 29, 2021
        New York, New York

                                              Ronnie Abrams
                                              United States District Judge